UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Herbert Alonzo Robinson, ) | Civil Action No.: 8:23-cv-00819-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| South Carolina Department of Corrections, ) | |
| Richland County Court of Common Pleas ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff Herbert Alonzo Robinson's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Jacquelyn D. Austin, who recommends denying Defendant's motion to proceed in forma pauperis.[1]  *See* ECF Nos. 10 & 12.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff is a pretrial detainee at the Sherriff Al Cannon Detention Center. ECF No. 1 at pp. 3 & 5. Plaintiff alleges Defendant South Carolina Department of Corrections ("SCDC") contracted with a private business and sent Plaintiff to work in the private sector but failed to pay him wages for that work when the private sector business did not pay him. *Id*. at pp. 6–7. Plaintiff filed a civil action in the Richland County Court of Common Pleas. *Id*. at p. 6. Plaintiff subsequently filed this case alleging SCDC and Defendant Richland County Court of Common Pleas violated his Fourteenth Amendment rights to due process and equal protection. Plaintiff contends Defendant SCDC has not paid him and Defendant Richland County Court of Common Pleas has failed to issue any rulings or decisions even though motions for summary judgment were filed years ago. *Id*. at 6–7. The Magistrate Judge recommended denying Plaintiff's motion to proceed in forma pauperis because Plaintiff is subject to the three-strike rule of the Prison Litigation Reform Act of 1996, Pub. L. No. 104–134, 110 Stat. 1321-71 (1996) ("PLRA"). ECF No. 10. The Magistrate Judge outlined three cases Plaintiff previously filed

that would qualify as "strikes" under the PLRA.[2] *Id*. at pp. 5–11.  The Magistrate Judge found Plaintiff has not shown imminent danger of serious physical injury, and recommended that in order to proceed with this action, Plaintiff must pay the full filing fee of  four hundred and two dollars ($402) within twenty-one days of this Court ruling on the R&R.  *Id*. at pp. 9– 11.

In his objections to the R&R, Plaintiff contends "the Three Strike Rule for PLRA purpose should not be counted as a strike." ECF No. 12.  However, Plaintiff does not make any argument as to why the three cases cited in the R&R should not count as strikes, and Plaintiff does not argue that he is in imminent danger of serious physical injury. *See Diamond & Camby, supra* (recognizing a district court can adopt an unobjected-to recommendation without explanation where there is no clear error).  Nevertheless, the Court has conducted a de novo review of the R&R and agrees with the Magistrate Judge's conclusion that Plaintiff is subject to the three-strike rule under the PLRA and Plaintiff's motion to proceed in forma pauper is denied.

Plaintiff also objects to the R&R, arguing this case involved a petition for a writ of habeas corpus under 28 U.S.C. § 2241 and/or 28 U.S.C. §  2254 so he should only have to pay the five dollar ($5) fee for filing a writ of habeas corpus and not the four hundred and two dollar ($402) fee for filing an action under 42 U.S.C. § 1983.  ECF No. 12.

This Court disagrees.  Plaintiff attached a coversheet to his complaint that says "* Petition for Writ of Habeas Corpus," but the actual complaint is for a violation of civil rights, and he indicated he was "bringing suit against . . . state or local officials (a § 1983 claim)."  In this action, Plaintiff has not

---

[2] "When a prisoner has previously filed at least three actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, the [PLRA's] 'three strikes' provision requires that the prisoner demonstrate imminent danger of serious physical injury in order to proceed without prepayment of fees." *McLean v. United States*, 566 F.3d 391, 393–94 (4th Cir. 2009) (citing 28 U.S.C. § 1915(g)), abrogated on other grounds by *Lomax v.Ortiz-Marquez*, 140 S. Ct. 1721 (2020)).

3

alleged any claims related to habeas corpus. *See Preiser v. Rodtriguez*, 411 U.S. 475, 484 (1973) ("[H]abeas corpus is an attack by a person in custody upon the legality of that custody, and [] the traditional function of the writ is to secure release from illegal custody."); *see also Hill v. McDonough*, 547 U.S. 573, 579 (2006) ("Challenges to the validity of [ ] confinement or to particulars affecting its duration are the province of habeas corpus."). Because this action is brought pursuant to § 1983 and is not seeking habeas relief, if Plaintiff would like to proceed, he is required to pay the filing fee for a non-habeas civil action, which is four hundred and two dollars ($402).

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R&R [ECF No. 10] and **DENIES** Plaintiff's motion to proceed in forma pauperis. Plaintiff is given twenty-one (21) days from the date of this Order to pay the full filing fee ($ 402). If Plaintiff fails to timely pay the full filing fee within that time period, the Clerk shall dismiss this case without prejudice.

**IT IS SO ORDERED.**

Florence, South Carolina  
March 31, 2023

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge